CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 31, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **ANDY L. RALSTON,** | )<br>) |
| Plaintiff, | )<br>)  Case No. 7:23CV00348<br>) |
| v. | )  **OPINION AND ORDER**<br>) |
| **HAROLD CLARKE, ET AL.** | )  JUDGE JAMES P. JONES<br>) |
| Defendants. | )<br>) |

*Andy L. Ralston, Pro Se.*

This prisoner civil rights case is before the court on a motion by the plaintiff, Andy L. Ralston, asking this court for preliminary injunctive relief regarding several alleged medical conditions. After review of the record, I will deny this motion.

The claims before me in this case challenge the course of medical treatment Ralston received for a skin rash while he was confined at Augusta Correctional Center. Discovery regarding these claims is ongoing, some defendants have filed a Motion to Dismiss, and others have a deadline to file for summary judgment. In the present motion, Ralston seeks a court order for outside medical appointments for other claimed medical issues: shoulder surgery, hearing aids, and liver issues. He asserts that a settlement agreement in an unspecified lawsuit directed prison officials

to ensure him treatment for these medical conditions. No such lawsuit appears on this court's docket.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (internal quotation marks and citation omitted).

Ralston's motion, seeking outside treatment for his shoulder, his hearing problems, and his liver issues, does not state facts showing any relationship between these conditions and the defendants' alleged wrongdoing in this lawsuit concerning treatment decisions about a skin rash. I also cannot find that Ralston's motion alleges specific facts indicating that he faces an imminent risk of irreparable harm in the absence of court intervention, as required to warrant the extraordinary, interlocutory relief he is seeking from the court. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In any event, Ralston is currently confined within the jurisdiction of the United States District Court for the Eastern District of Virginia.

For the reasons set forth, it is **ORDERED** that the motion, ECF No. 69, is DENIED.

    ENTER: October 31, 2024

    /s/ JAMES P. JONES
    Senior United States District Judge